UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD AUTEN, | No. 2:19-cv-01679-JAM-AC |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF CALAVERAS, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 2. Plaintiff has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### A. The Complaint

Plaintiff brings suit against the County of Calaveras. ECF No. 1 at 2. As the basis for jurisdiction, plaintiff invokes the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 by checking a box on the form complaint. Id. at 3. Plaintiff checked boxes indicating that the discriminatory conduct of which he complains includes termination of employment, failure to accommodate his disability, and retaliation. Id. at 4. He checked a box indicating the discrimination is ongoing, but when asked to provide dates of incidences, he indicated only several dates in 2016. Id. The entire description of facts provided by plaintiff is as follows:

> Suffered industrial head/brain injury which caused additional cognitive/phycological disabilities. Wrongful termination based on lack of accomodations [sic] and interactive process with requests for proper medical treatment recommendations. Placed on workers compensation with medical leave per three independent California Qualified Medical Examinors [sic] evaluations, discovery, and recommendations with treatment plan prior to re-evaluations never received. Discrimination based on respondent and their representation failed to honor said treatment to engage in a proper interactive process. Retaliation based on being terminated while on leave from medical doctor. Discrimination, retaliation and harrassment [sic] based on cognitive/phycological inabilities while being denied treatment for the chance to receive reasonable accomodations [sic].

Id. at 5. Plaintiff was issued a Right to Sue letter from the Equal Opportunity Commission on June 13, 2019. Id. at 5, 7. As damages, plaintiff seeks payment of his base salary from June 16, 2015 to the present, comp time, vacation, and sick leave accrued prior to June 8, 2014, Early Industrial CALPERS retirement granted to be calculated to full retirement age of 65, and punitive damages. Id. at 6.

////

////

B. <u>Analysis</u>

The complaint does not contain a "short and plain" statement setting forth the basis for plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). The exact nature of what happened to plaintiff is simply not articulated by the complaint, which largely states legal conclusions. Plaintiff does not explain the facts of what happened to him, such as who discriminated against him, the form the discrimination took, or the dates when the discriminatory acts occurred. The court cannot tell from examining the complaint what legal wrong was done to plaintiff, or how any alleged harm is connected to the relief plaintiff seeks.

Accordingly, the complaint does not meet the requirements of Fed. R. Civ. P. 8, and plaintiff does not state a claim upon which relief can be granted. <u>Twombly</u>, 550 U.S. at 570 (requiring plaintiff to allege enough facts "to state a claim to relief that is plausible on its face."). Rather than recommending dismissal of the action, the undersigned will provide plaintiff an opportunity to amend his complaint to allege facts supporting a cognizable cause of action.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege specific facts explaining the basis for his claims, including who discriminated against plaintiff, the form the discrimination took, when the discriminatory acts happened, and the damages caused. An amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996)

4

1   (affirming dismissal of a complaint where the district court was "literally guessing as to what
2   facts support the legal claims being asserted against certain defendants").  The amended
3   complaint must not require the court to spend its time "preparing the 'short and plain statement'
4   which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not
5   require the court and defendants to prepare lengthy outlines "to determine who is being sued for
6   what." Id. at 1179.

7   Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's
8   amended complaint complete.  An amended complaint must be complete in itself without
9   reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended
10  complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline
11  Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint
12  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &
13  Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an
14  original complaint, each claim and the involvement of each defendant must be sufficiently
15  alleged.

16                              III.  PRO SE PLAINTIFF'S SUMMARY

17  It is not clear that this case can proceed in federal court.  The court cannot tell from your
18  complaint what legal harm was done to you.  In order to go forward, you need to explain who
19  discriminated against you, how they discriminated against you, when each discriminatory act
20  happened, and exactly how the discrimination harmed you.  Because the complaint as written
21  does not state enough facts to present a legal claim, it will not be served on defendant.  Your
22  lawsuit cannot proceed unless you fix the problems with your complaint.

23  You are being given 30 days to submit an amended complaint that provides a proper basis
24  for federal jurisdiction.  If you submit an amended complaint, it needs to explain in simple terms
25  what laws or legal rights of yours were violated, by whom and how, and how those violations
26  impacted you.  If you do not submit an amended complaint by the deadline, the undersigned will
27  recommend that the case be dismissed.
28  ////

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 9, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE