1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD AUTEN,                          Case No.  1:20-cv-00329-JLT-EPG

12              Plaintiff,

13        v.                                 ORDER DENYING MOTION FOR
                                             APPOINTMENT OF COUNSEL
14   COUNTY OF CALAVERAS,
                                             (ECF No. 57)
15              Defendant.

16

17        Plaintiff Donald Auten, proceeds *pro se* and in *forma pauperis* in this action filed under

18   the Americans with Disabilities Act (ADA). On October 20, 2022, Plaintiff filed a motion

19   requesting the appointment of counsel, stating that he has "made a diligent effort to obtain the

20   assistance of counsel and employ counsel" and has "attended Pro Se Help Programs" and has

21   worked diligently in litigating this case. (ECF No. 57, p. 1).

22        Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent an

23   indigent party in a civil case. However, the appointment of counsel is not a constitutional right,

     and the Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d
24
     1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998);
25
     *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298
26
     (1989). Without a reasonable method of securing and compensating counsel, the Court will seek
27
     the voluntary assistance of counsel only in the most serious and exceptional circumstances.
28

                                              1

*Rand*, 113 F.3d at 1525.  In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims, as indicated by his partial success in opposing Defendant's motion to dismiss. (ECF No. 41). Lastly, while Plaintiff states that he has been unsuccessful in obtaining counsel and has engaged in *pro se* litigation training, Plaintiff offers no developed argument for why the Court should appoint counsel in this case.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 57) is denied.

IT IS SO ORDERED.

Dated:   **October 24, 2022**                    /s/ *Erica  P.  Grosjean*
                                                 UNITED STATES MAGISTRATE JUDGE